UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
EL HACEN SIDI EL MOCTAR,

                      Petitioner,

        v.

LADEON FRANCIS, *in his official capacity*,
*et al.*,

                      Respondents.
------------------------------------------------------------x

                                **MEMORANDUM AND ORDER**
                                26-CV-02453 (OEM)

ORELIA E. MERCHANT, United States District Judge:

On April 24, 2026, Petitioner El Hacen Sidi El Moctar ("Petitioner") filed a petition for a writ of habeas corpus against Respondents LaDeon Francis, in his official capacity as Acting Field Office Director of New York Immigration and Customs Enforcement ("ICE"); the Secretary of Homeland Security ("DHS"); and the Attorney General (collectively, "Respondents"). *See generally* Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241, Dkt. 1 ("Petition" or "Pet."). Petitioner seeks his immediate release and challenges the lawfulness of his ongoing detention by ICE under the Immigration and Nationality Act ("INA"), the Fifth Amendment of the U.S. Constitution ("Fifth Amendment"), and the Administrative Procedure Act. *Id.* ¶¶ 19-23.

Petitioner is a citizen of Mauritania. *Id.* ¶ 9. "On or about July 15, 2023, Petitioner[] presented himself at the U.S.-Mexico border and subsequently received a [Notice to Appear ("NTA")] and [was] given a [c]ourt date." *Id.* at 2. The NTA initiated proceedings "under [INA] § 236." *Id.* "Petitioner has subsequently attended all scheduled court appearances." *Id.* On November 28, 2023, he then filed an I-589 application for Asylum, Withholding of Removal and CAT in immigration court, "which remains pending" before the Executive Office for Immigration Review ("EOIR"). *Id.* at 2, ¶¶ 4, 9.

"On or about February 11, 2026, Petitioner appeared for his hearing before the EOIR," and the immigration court granted him time to continue his case. *Id.* ¶ 10. "Upon exiting the court room [sic], [Petitioner] was arrested by DHS/ICE without warning, cause or explanation." *Id.* "Petitioner was then placed in the holding area of Federal Plaza and then moved to the Brooklyn Metropolitan Detention Center [("MDC Brooklyn")] and is still detained there." *Id.* ¶ 12. He was not notified "of any availability to file bond or a habeas corpus petition[] and was denied the opportunity to seek release," and he "did not receive any notice or opportunity to be heard as to whether a change of custody was granted." *Id.* ¶¶ 12-13. Petitioner was detained at MDC Brooklyn.[1] Pet. ¶¶ 10, 12.

On April 29, 2026, the Court held a hearing on Petitioner's Order to Show Cause and issued an oral ruling granting Petitioner's request for release and ordering that Respondents immediately release him from custody. *See* Minute Entry, dated Apr. 29, 2026 ("Hearing").

## DISCUSSION

### A. Statutory Basis for Petitioner's Detention

The instant Petition raises two principal issues: (1) whether Petitioner is detained under 8 U.S.C. § 1226 ("§ 1226") or 8 U.S.C. § 1225 ("§ 1225") and (2) whether Petitioner's Fifth Amendment due process rights have been violated.

The Court is bound by a long line of U.S. Supreme Court precedent. *See Leng May Ma v. Barber*, 357 U.S. 185, 187 (1958) ("[O]ur immigration laws have long made a distinction between those aliens who have come to our shores seeking admission . . . and those who are within the United States after an entry, irrespective of its legality."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("The distinction between an alien who has effected an entry into the United States and one

---

[1] Respondents filed a letter on April 29, 2026, advising that Petitioner was released on April 29, 2026, at approximately 6:00 p.m. *See* Letter from Respondents to the Court (Apr. 29, 2026), Dkt. 6.

who has never entered runs throughout immigration law."); *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (stating that § 1225(b) governs "aliens seeking admission into the country," whereas § 1226(a) governs "aliens already in the country" who are subject to removal proceedings).

The Court is also bound by Second Circuit precedent determining that noncitizens "who are already present in the United States and are determined not to be a flight risk or danger to the community, [are] to be released on bond under Section 1226(a) while their removal proceedings are pending." *Cunha v. Freden*, 25-3141-pr, 2026 WL 1146044, at *2 (2d Cir. Apr. 28, 2026). Furthermore, the Court's position on the application of § 1226 applies in scenarios where a petitioner who is already present in the country is detained long after entering the country has not changed since deciding other 28 U.S.C. § 2241 immigration cases recently. *See Acuna-Polanco v. Blanche*, 26-CV-2177, at *2 (OEM), 2026 WL 1045414 (E.D.N.Y. Apr. 17, 2026) (collecting cases).[2]

Respondents acknowledged at the Hearing that there are no distinguishing facts as to this case and the Court's prior decisions.[3] Petitioner received an NTA pursuant to INA Section 236, Pet. at 2, and his removal proceedings remain pending, *id.* ¶ 10. Accordingly, for reasons consistent with the reasoning of the Second Circuit, the Court finds that mandatory detention under § 1225 is inapplicable to Petitioner and that discretionary detention under § 1226 governs Petitioner's detention. *See Cunha*, 2026 WL 1146044, at *4-5; *Barco Mercado v. Francis*, 811 F. Supp. 3d 487, 494 & Appendix A (S.D.N.Y. 2025) (collecting cases).

---

[2] To be clear, as in *Cunha* and the Court's recent similar cases, this is not scenario that implicates § 1225(b)'s mandate that the government detain noncitizens who are apprehended for removal proceedings while entering the country or shortly thereafter, nor § 1226(c)'s mandate that the government detain noncitizens on certain criminal or terrorism-related grounds.

[3] Respondents also noted at the Hearing that they are still evaluating their ultimate position with respect to the scenarios in which *Cunha* controls but agreed that the Second Circuit's decision did not disturb the Court's prior rulings on the issue of § 1225 mandatory detention.

**B. Due Process**

The Court now turns to whether ICE's detention of Petitioner violates his due process rights. The *Mathews* test governs this inquiry. *See Velasco Lopez v. Decker*, 978 F.3d 842, 851 (2d Cir. 2020) (applying the three-factor balancing test outlined in *Mathews v. Eldridge*, 424 U.S. 319 (1976), to determine the adequacy of process in the context of civil immigration confinement). The determination of what procedures are required under the Fifth Amendment requires consideration of: (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews*, 424 U.S. at 335.

With respect to the first prong of the *Mathews* test, Petitioner invokes "the most significant liberty interest there is—the interest in being free from imprisonment." *Velasco Lopez*, 978 F.3d at 851 (citing *Hamdi v. Rumsfeld*, 542 U.S. 507, 529 (2004)).

With respect to the second prong of the *Mathews* test, the record demonstrates that no individualized determination was made prior to or contemporaneously with the decision to detain Petitioner on February 11, 2026. *See* Pet. ¶¶ 1-9, 37-42. At the Hearing, Respondents presented no articulable facts as to why Petitioner is dangerous or a flight risk. Therefore, ICE did not engage in the required deliberative process during the initial decision to strip Petitioner of his liberty interest, and the risk of erroneous deprivation of that interest is high. *See Chipantiza-Sisalema v. Francis*, 25 Civ. 5528 (AT), 2025 WL 1927931, at *3 (S.D.N.Y. July 13, 2025) (stating that ICE must engage in a deliberative process prior to or contemporaneous with "the initial decision to strip a person of the freedom that lies at the heart of the Due Process Clause"); *Lopez v. Sessions*,

18 Civ. 4189 (RWS), 2018 WL 2932726, at *11 (S.D.N.Y. June 12, 2018) (finding a risk of erroneous deprivation where the petitioner was re-detained absent a change in circumstances, procedure, or evidentiary findings).

As to the third and final *Mathews* prong, "the Attorney General's discretion to detain individuals under 8 § U.S.C. 1226(a) [sic] is valid where it advances a legitimate governmental purpose," such as "ensuring the appearance of aliens at future immigration proceedings" and "preventing danger to the community." *Valdez v. Joyce*, 803 F. Supp. 3d 213, 218 (S.D.N.Y. 2025) (first quoting *Velasco Lopez*, 978 F.3d at 854; then quoting *Zadvydas*, 533 U.S. at 690). Here, however, there is nothing in the record to suggest that Petitioner is a flight risk or a danger to the community. The record indicates that Petitioner has lived in the United States for approximately 2 years without incident. Pet. at 2. Therefore, Respondents have failed to show a significant interest in his continued detention.

Taken together, Petitioner's ongoing detention violates his due process rights. *See Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at *15. Given the deprivation of Petitioner's liberty, the absence of any deliberative process prior to or contemporaneous with the deprivation, and the statutory and constitutional rights implicated, a writ of habeas corpus is the only form of relief and the most appropriate remedy. *Valdez*, 803 F. Supp. 3d at 219; *Lopez*, 2018 WL 2932726, at *15. [4]

---

[4] Because the Court determines that Petitioner's detention violates his due process rights, it need not address his remaining claims. *See, e.g.*, *Valdez*, 803 F. Supp. 3d at 217 n.4 (declining to address remaining claims after determining that the petitioner's detention violated due process).

**CONCLUSION**

For the foregoing reasons, Petitioner's request for immediate release from custody is granted. The Clerk of Court is respectfully directed to enter judgment in accordance with this order and close this case.

SO ORDERED.

_____/s/_____
ORELIA E. MERCHANT
United States District Judge

April 29, 2026
Brooklyn, New York